## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

*In re*
**INDRA MALHAN SEARS and**
**FEDERICK SEARS,**                                    Case No.: 8:08-bk-13923-CPM
        **Debtors.**                                   Chapter 11
_____/

## AMENDED PLAN OF REORGANIZATION

**INDRA MALHAN SEARS and FEDERICK SEARS**, (hereinafter the "Debtors"),

do hereby submit this Plan of Reorganization.

## ARTICLE I

### Definitions

The following terms used in the Plan shall, unless the context otherwise

requires, have the meanings specified below:

Plan: This Amended Plan for the Reorganization of the Debtors, as currently

filed or hereafter amended pursuant to Chapter 11 of the Bankruptcy Code or in the

Bankruptcy Rules of Practice and Procedure promulgated thereunder.

Allowed Claim: A claim in these proceedings proven and allowed in

accordance with § 502 of the Bankruptcy Code.

Claim: A right against the Debtors within the meaning of Section 101(4) of

the Bankruptcy Code.

Case: This case for the Reorganization of the Debtors under Chapter 11 of

the Bankruptcy Code.

Code: Shall mean the United States Bankruptcy Code, 11 U.S.C., § 101, et seq., and any amendments thereto.

Confirmation: Entry by the Court of an Order confirming this Plan of Reorganization.

Confirmation Date: The date upon which the Court enters the Confirmation Order.

Confirmation Order: The Order entered by the Bankruptcy Court confirming this Plan, in accordance with §ll29 of the Bankruptcy Code.

Costs and Expenses of Administration: Claims against the Debtors allowed under § 503(b) of the Bankruptcy Code.

Court: The United States Bankruptcy Court for the Middle District of Florida, Tampa Division, as an adjunct to the United States District Court.

Creditor: A person as defined by § l0l(9) of the Bankruptcy Code.

Debtors: Indra Malhan Sears and Federick Sears.

Deposit Date: The date upon which the Debtors pay the deposits contemplated by this Plan, either to the Court or to such other entities as the Court shall designate in the Confirmation Order or in an Order in aid of consummation of the Plan.

Effective Date: The date upon which the Confirmation Order becomes final, plus ten (l0) days, provided no Order is entered staying the effectiveness of the Confirmation Order pending an appeal.

Order In Aid Of Consummation: An Order entered by the Court authorizing

or directing the procedures and actions necessary for the consummation of the confirmed Plan of Reorganization.

## ARTICLE II

### Construction and Interpretation

Unless inconsistent or in conflict with the provisions of the Plan, the words and phrases employed herein shall have the meanings ascribed thereto in the Code and in the Rules of Bankruptcy Practice and Procedure.

## ARTICLE III

### Classification of Creditors

Class One Creditors: Class 1 consists of the holders of all proven and allowed claims for costs and expenses of administration. This includes, but is not limited to, any claim of the United States Trustee for quarterly payments, for the services of professionals employed by the Debtors, which remain unpaid at the time of confirmation of this Plan, and certain other administrative expenses, including actual, necessary costs of preserving the bankruptcy estate.

Class Two Creditors: This Class consists of Governmental units entitled to priority under Section 507(a)(8) of the Bankruptcy Code or its assignees, including secured claims of governmental units for taxes, attendant interest and penalties on past due or delinquent taxes; and all other charges provided for under such Subsection.

Class Three Creditors: This class consists of creditors with secured claims for real property:

a.   American Home Mortgage Servicing, Inc: This creditor holds a
     mortgage on the Debtor's residence located at 1301 Rustlewood
     Drive, Brandon, FL. The secured claim pursuant to a valuation herein
     is $319,156.00.

b.   Countrywide: This creditor holds a mortgage on real property located
     at 1603 Casonwood Drive, Plant City, FL in the amount of
     $176,921.00.

c.   Saxon Mortgage: This creditor holds a mortgage on real property
     located at 2810 Anthony Drive, Tampa, FL with a balance of secured
     claim in the amount of $77,189.00.

d.   Saxon Mortgage: This creditor holds a mortgage on real property
     located at 2812 Anthony Drive, Tampa, FL with a balance of secured
     claim in the amount of $77,189.00.

e.   American Home Mortgage Servicing, Inc: This creditor holds a
     mortgage on real property located at 2808 Anthony Drive with a
     balance of $77,189.00.

f.   American Home Mortgage Servicing, Inc: This creditor holds a
     mortgage on real property located at 3013 73rd Street, Tampa, FL with
     a balance of $64,000.00.

g.  Washington Mutual: This creditor holds a mortgage on real property located at 710 7th Street, Union City, NJ with a balance of $250,000.00.

h.  Yale Mortgage Corporation: This creditor owns a first mortgage on Debtor's real property located at 2045 Mustang Court, St. Cloud, Florida 34771 with a balance of $88,752.93.

i.  LaSalle & LaSalle Bank, N.A.: This creditor owns a second mortgage on the real property located at 264 Shaler Boulevard, Ridgefield, New Jersey 07651 with a balance of $ $54,407.78

j.  EMC: Servicing mortgage for Wells Fargo, holds a first mortgage on the real property located at 264 Shaler Boulevard, Ridgefield, New Jersey 07651 with a balance of $ 464,678.74

k.  Countrywide: This creditor holds mortgages on real property located at 5007 Lake Toscana Drive, Wimauma Florida 33598 A first mortgage in the amount of $446,000.00 and a second Mortgage in the amount of $120,228.25.

Class Four Creditors: This class consists of creditors with a security interest in the vehicles:

a.  GMAC: This creditor holds a security interest on a 2007 Chevrolet Avalanche in the amount of $19,805. 00.

b.  GMAC: This creditor holds a security interest on a 2007 Mazda RX-8 in the amount of $16,815.00.

Class Five Creditor:   This class consists of the secured claims of Guyton Energy Corporation. This creditor holds a security interest in certain

> service station equipment and gasoline inventory. A second mortgage on
> the Debtors' residence and a second mortgage on real property located at
> 2808 Anthony Drive, Tampa, FL are not secured based upon valuations of
> this court. Those mortgage claims will be treated as class 6 non-insider
> creditor claims.

Class Six Creditors: The Class 6 creditors claims, who are non-insiders. The
Class 6 claims that are not disputed, total approximately $ 425,856.07.

## ARTICLE IV

### Treatment of Classes Not Impaired Under the Plan (Classes 1 and 2)

Class One: This Class is unimpaired and shall be paid in full on the Confirmation
Date, unless payment on this date is waived, deferred or ordered by this Court to be paid
on a different date. It is estimated that the Debtors will owe $350.00 in quarterly fees to the
U. S. Trustee upon confirmation. It is estimated that Debtors' counsel will seek fees
(estimate) in the amount of $25,000.

Class Two: This Class shall be paid in full in 60 equal monthly payments beginning
thirty (30) days from the date of allowance of the claim or the Effective Date, whichever is
later. These claimants shall retain any perfected liens they presently hold and will be paid
all interest and penalties, as provided by § 507 (a)(8) of the Bankruptcy Code.

## ARTICLE V

### Treatment of Classes Impaired Under the Plan (Classes 3, 4, 5 and 6)

Class Three Creditor: The Class 3 creditors are impaired. These creditors will be paid as follows:

a.   American Home Servicing (Rustlewood property): Such claim will paid in full pursuant to a valuation in the amount of $319,156 by   equal monthly payments at an annual interest rate of 6.0% and amortized over thirty (30) years.

b.   Countrywide (Casonwood): The balance of such claim will be paid based upon an amortization schedule of thirty (30) years and an annual interest rate of 5.2%. To the extent that this creditor paid 2007 and 2008 real estate taxes, such reimbursement shall be treated as a Class Two creditor and paid in 60 months.

c.   Saxon Mortgage (2810 Anthony Drive, Tampa, FL):   This claim will be satisfied by a surrender of the real property to the creditor.

d.   Saxon Mortgage (2812 Anthony Drive, Tampa, FL):   This claim will be satisfied by a surrender of the real property to the creditor.

e.   American Home Mortgage Servicing, Inc (2808 Anthony Drive, Tampa, FL): Such claim will paid the balance based upon an amortization of thirty (30) years and an annual interest rate of 5.2%.

f.   American Home Mortgage Servicing, Inc (3013 73rd Street, Tampa, FL): Such claim will paid the balance based upon an amortization of thirty (30) years and an annual interest rate of 5.2%.

g.    Washington Mutual: Such claim will paid the balance based upon an
amortization of thirty (30) years and an annual interest rate of 5.2%.

h.                                                    Yale Mortgage Corporation

(St. Cloud Property): This claim will be satisfied by a surrender of the real
property to the creditor.

Class Four Creditor. This creditor will be paid in full with equal monthly payments
for a period of five (5) years at the interest rate of 6.5% *per annum*

Class Five Creditor: The collateral consisting of the service station equipment and
gasoline inventory will be surrendered in full satisfaction of the secured claim.

Class Six Creditors: The Class 6 members are the holders of general, unsecured
claims that are allowed and undisputed, non-insider, unsecured creditors.   The Class 6
claims that are not disputed total approximately $425,856.07. The creditors shall be paid
their *pro rata* share of five (5) annual payments. The first payment will be due one (1) year
from the effective date of confirmation. That payment will be in the amount of $7,500.00.
The second through the fifth annual payments will each be in the amount of $10,000.00.
These payments shall be shared on a *pro rata* basis among all allowed unsecured claims.

## ARTICLE VI

### Means for Execution of the Plan and Post-Confirmation Matters

This Plan expressly preserves this Court's jurisdiction to review, hear and determine
the above.

## ARTICLE VII

### Provisions For Executory Contracts and Unexpired Leases

All written and oral contracts which exist between the Debtors and any individual or other entity, and which have not been rejected or approved by Order of this Court, may be rejected upon further application to this Court.

## ARTICLE VIII

### Modification of the Plan

The Debtors may propose a modification of the Plan in writing at any time after Confirmation. The Plan, as modified, must meet the requirements of Section 1122 and 1123 of the Code. Additionally, the Debtors must comply with the provisions of Section 1125 of the Code.

If all applicable Sections of the Code have been met, and if such modifications are warranted, the Court may confirm the modified Plan after proper notice and hearing.

Impaired creditors who are unaffected by the modification of the Plan will be deemed to have accepted or rejected the modified Plan based on the "original Ballot" filed with the Bankruptcy Court. Creditors who are affected by the modification may change their vote by filing a new Ballot with the Bankruptcy Court, within the time specified.

## ARTICLE IX

### Tax Analysis

No analysis of the tax consequences of confirmation of the Plan has been made as of the filing of this Plan. Creditors should consult with their own tax expert to determine what, if any, tax consequences may result from Confirmation.

## ARTICLE X

### Retention Of Jurisdiction

The Bankruptcy Court will specifically retain jurisdiction for all matters permitted under the Bankruptcy Code, including without limitation, the determination of objections, allowance and priority of claims, requests for payment of administrative expenses, determine fee application of professionals, enforce or interpret the terms of the Plan and to enforce or modify the Plan upon proper motion and any other proper or necessary purpose.

## ARTICLE XI

### General Provisions

a.      If any payment under the Plan falls due on a non-business day, then such due date shall be extended to the next following business day. Saturdays, Sundays and holidays recognized by the United States Government, State of Florida, County of Hillsborough or the City of Tampa are considered non-business days.

b.      Any notice required hereunder shall be in writing. If sent by facsimile or via email, notice shall be deemed to have been given when sent. If sent by mail, notice shall be deemed to have been given three (3) days after the date sent by first class, registered or certified mail, postage prepaid, and properly addressed.

c.      The terms and provisions of this Plan shall be further governed and controlled by agreements previously approved by Order of this Court, and not specifically and expressly superseded by this Plan.

d.     In the event that the holder of an unsecured claim transfers such claim, it shall immediately advise the Debtors, in writing, of such transfer. The Debtors shall be entitled to assume that no such transfer has been made unless and until the Debtors has received such written notice to the contrary. Each transferee shall take such claim, subject to the provisions of the Plan, and to any request made, waiver or consent given or other action taken hereunder; and, except as otherwise expressly provided in such notice, the Debtors shall be entitled to assume conclusively that the transferee named in such notice shall thereafter be vested with all rights and powers under the provisions of the Plan.

e.     In the event that the required numbers of creditors do not accept the Plan and the Debtors is found to be solvent, the Debtors reserve the right to orally amend the Plan at confirmation.

f.     Under no circumstances will the Debtors pay any claim unless such claim is proven and allowed.

g.     All liens and mortgages shall remain unaffected by this Plan unless otherwise provided herein or any other Order of this Court.

h.     Creditors seeking payment of attorneys' fees or special costs must obtain an Order from the Bankruptcy Court approving such amounts at or prior to the confirmation hearing. Failure to obtain such an order will be deemed a waiver of the right to payment of costs and attorneys' fees. This provision does not apply to claims for attorneys' fees and costs which have been duly liquidated by a court of competent jurisdiction prior to the confirmation hearing.

i.      Any sale or transfer of assets which occurs as a result of this reorganization shall be free of otherwise applicable transfer taxes and documentary stamps.

j.      The entry of a confirmation Order shall discharge all claims hereunder.  The discharge shall have the fullest and most comprehensive effect, allowed by law.

## ARTICLE XII

### "Cram Down" Provisions

In the event that any Class of Creditors is deemed impaired by this Plan of Reorganization and the requisite majorities of such Class or Classes fail to approve the Plan, then the Debtors intends to confirm its Plan over the objections of any such dissenting Class by the use of the provisions of the United States Bankruptcy Code, Section 1111, and any other provisions relating to the "cram down" of dissenting Classes.

DATED this 3rd day of June, 2009.

_____/s Indra M. Sears_____          _____/s/ Federick Sears_____
INDRA MALHAN SEARS                                       FEDERICK SEARS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plan of Reorganization has been furnished by electronic mail and/or United States Mail to: United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602, this _3rd_ day of June, 2009.

DAVID W. STEEN, P.A.

_/s/ David W. Steen_
DAVID W. STEEN, ESQUIRE
Florida Bar No.: 221546
602 South Boulevard
Tampa, FL 33606-2630
Telephone:  (813) 251-3000
Facsimile:  (813) 251-3100
E Mail:     dwslaw@yahoo.com