UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

*In re:*
**INDRA MALHAN SEARS and**
**FEDERICK SEARS,**
  Debtors.
_____/

Case No.: 8:08-bk-13923-CPM
Chapter 11

## SECOND AMENDED PLAN OF REORGANIZATION

**INDRA MALHAN SEARS and FEDERICK SEARS**, (hereinafter the "Debtors"), do hereby submit this Second Amended Plan of Reorganization.

### ARTICLE I

### Definitions

The following terms used in the Plan shall, unless the context otherwise requires, have the meanings specified below:

Plan: This Amended Plan for the Reorganization of the Debtors, as currently filed or hereafter amended pursuant to Chapter 11 of the Bankruptcy Code or in the Bankruptcy Rules of Practice and Procedure promulgated thereunder.

Allowed Claim: A claim in these proceedings proven and allowed in accordance with § 502 of the Bankruptcy Code.

Claim: A right against the Debtors within the meaning of §101(4) of the Bankruptcy Code.

Case: This case for the Reorganization of the Debtors under Chapter 11 of the Bankruptcy Code.

Code: Shall mean the United States Bankruptcy Code, 11 U.S.C., § 101, et seq., and any amendments thereto.

Confirmation: Entry by the Court of an Order confirming this Plan of Reorganization.

Confirmation Date: The date upon which the Court enters the Confirmation Order.

Confirmation Order: The Order entered by the Bankruptcy Court confirming this Plan, in accordance with §1129 of the Bankruptcy Code.

Costs and Expenses of Administration: Claims against the Debtors allowed under §503(b) of the Bankruptcy Code.

Court: The United States Bankruptcy Court for the Middle District of Florida, Tampa Division, as an adjunct to the United States District Court.

Creditor: A person as defined by § 101(9) of the Bankruptcy Code.

Debtors: Indra Malhan Sears and Federick Sears.

Deposit Date: The date upon which the Debtors pay the deposits contemplated by this Plan, either to the Court or to such other entities as the Court shall designate in the Confirmation Order or in an Order in aid of consummation of the Plan.

Effective Date: The date upon which the Confirmation Order becomes final, plus ten (10) days, provided no Order is entered staying the effectiveness of the Confirmation Order pending an appeal.

Order In Aid Of Consummation: An Order entered by the Court authorizing or directing the procedures and actions necessary for the consummation of the confirmed Plan of Reorganization.

## ARTICLE II

### Construction and Interpretation

Unless inconsistent or in conflict with the provisions of the Plan, the words and phrases employed herein shall have the meanings ascribed thereto in the Code and in the Rules of Bankruptcy Practice and Procedure.

## ARTICLE III

### Administrative Fees & Expenses

The holders of all proven and allowed claims for costs and expenses of administration, including, but is not limited to, any claim of the United States Trustee for quarterly payments, for the services of professionals employed by the Debtors, which remain unpaid at the time of confirmation of this Plan, and certain other administrative expenses, including actual, necessary costs of preserving the bankruptcy estate.

This Class is unimpaired and shall be paid in full on the Confirmation Date, unless payment on this date is waived, deferred or ordered by this Court to be paid on a different date. It is estimated that the Debtors will owe $350.00 in quarterly fees to the U. S. Trustee upon confirmation. It is estimated that Debtors' counsel will seek fees (estimate) in the amount of $25,000.

## ARTICLE IV

### Classification of Creditors

**Class One Creditors:** This Class consists of Governmental units entitled to priority under §507(a)(8) of the Bankruptcy Code or its assignees, including secured claims of governmental units for taxes, attendant interest and penalties on past due or delinquent taxes; and

all other charges provided for under such Subsection.

**Class Two Creditors:** This class consists of creditors with secured claims for real property:

    a.    <u>American Home Mortgage Servicing, Inc</u>: This creditor holds a mortgage on the Debtor's residence located at 1301 Rustlewood Drive, Brandon, FL. The secured claim pursuant to a valuation herein is $319,156.00.

    b.    <u>Countrywide</u>: This creditor holds a mortgage on real property located at 1603 Casonwood Drive, Plant City, FL in the amount of $176,921.00.

    c.    <u>Saxon Mortgage</u>: This creditor holds a mortgage on real property located at 2810 Anthony Drive, Tampa, FL with a balance of secured claim in the amount of $77,189.00.

    d.    <u>Saxon Mortgage</u>: This creditor holds a mortgage on real property located at 2812 Anthony Drive, Tampa, FL with a balance of secured claim in the amount of $77,189.00.

    e.    <u>American Home Mortgage Servicing, Inc</u>: This creditor holds a mortgage on real property located at 2808 Anthony Drive with a balance of $77,189.00.

    f.    <u>American Home Mortgage Servicing, Inc</u>: This creditor holds a mortgage on real property located at 3013 73rd Street, Tampa, FL with a balance of $64,000.00.

    g.    <u>Washington Mutual</u>: This creditor holds a mortgage on real property located at 710 7th Street, Union City, NJ with a balance of $250,000.00.

 h. <u>Yale Mortgage Corporation:</u> This creditor owns a first mortgage on Debtor's real property located at 2045 Mustang Court, St. Cloud, Florida 34771 with a balance of $88,752.93.

 i. <u>LaSalle & LaSalle Bank, N.A.:</u> This creditor owns a second mortgage on the real property located at 264 Shaler Boulevard, Ridgefield, New Jersey 07651 with a balance of $ $54,407.78

 j. <u>EMC</u>: Servicing mortgage for Wells Fargo, holds a first mortgage on the real property located at 264 Shaler Boulevard, Ridgefield, New Jersey 07651 with a balance of $ 464,678.74

 k. <u>Countrywide</u>: This creditor holds mortgages on real property located at 5007 Lake Toscana Drive, Wimauma Florida 33598 A first mortgage in the amount of $446,000.00 and a second Mortgage in the amount of $120,228.25.

**Class Three Creditors:** This class consists of creditors with security interests in the Debtors' vehicles:

 a. <u>GMAC</u>: This creditor holds a security interest on a 2007 Chevrolet Avalanche in the amount of $19,805. 00.

 b. <u>GMAC</u>: This creditor holds a security interest on a 2007 Mazda RX-8 in the amount of $16,815.00.

**Class Four Creditor:** This class consists of the secured claims of Guyton Energy Corporation. This creditor holds a security interest in certain service station equipment and

gasoline inventory. A second mortgage on the Debtors' residence and a second mortgage on real property located at 2808 Anthony Drive, Tampa, FL are not secured based upon valuations this court. Those mortgage claims will be treated as class 5 non-insider creditor claims.

**Class Five Creditors:** The Class 5 creditors are those who hold allowed unsecured claims and who are not insiders. The Class 5 claims that are not disputed, total approximately $425,856.07.

## ARTICLE V

### Treatment of Class Not Impaired Under the Plan (Class 1)

**Class One:** This Class shall be paid in full in 60 equal monthly payments beginning thirty (30) days from the date of allowance of the claim or the Effective Date, whichever is later. These claimants shall retain any perfected liens they presently hold and will be paid all interest and penalties, as provided by §507(a)(8) of the Bankruptcy Code.

## ARTICLE VI

### Treatment of Classes Impaired Under the Plan (Classes 2, 3, 4 and 5)

**Class Two Creditors:** The Class 2 creditors are impaired. These creditors will be paid as follows:

a. <u>American Home Servicing</u> (Rustlewood property): Such claim will paid in full pursuant to a consensual modification in the amount of $319,156.00 payable on a thirty (30) year amortized basis at 5% interest per annum.

b. <u>Countrywide</u> (Casonwood property): The balance of such claim will be paid upon an amortization schedule of thirty (30) years and an annual interest rate of

      5.2%. To the extent that this creditor paid 2007 and 2008 real estate taxes, such reimbursement shall be treated as a priority tax claim and paid in 60 months.

  c.  <u>Saxon Mortgage</u> (2810 Anthony Drive, Tampa, FL): This claim will be satisfied by a surrender of the real property to the creditor.

  d.  <u>Saxon Mortgage</u> (2812 Anthony Drive, Tampa, FL): This claim will be satisfied by a surrender of the real property to the creditor.

  e.  <u>American Home Mortgage Servicing, Inc</u> (2808 Anthony Drive, Tampa, FL): Such claim will paid the balance based upon an amortization of thirty (30) years and an annual interest rate of 5.2%.

  f.  <u>American Home Mortgage Servicing, Inc</u> (3013 73rd Street, Tampa, FL): Such claim will paid the balance based upon an amortization of thirty (30) years and an annual interest rate of 5.2%.

  g.  <u>Washington Mutual</u>: Such claim will paid the balance based upon an amortization of thirty (30) years and an annual interest rate of 5.2%.

  h.  <u>Yale Mortgage Corporation</u> (St. Cloud property): This claim will be satisfied by a surrender of the real property to the creditor.

  i.  <u>LaSalle & LaSalle Bank, N.A.</u>: (Shaler property): This claim will be satisfied by a surrender of the real property to the creditor.

  j.  <u>EMC</u>: (Shaler property): This claim will be satisfied by a surrender of the real property to the creditor.

  k.  <u>Countrywide</u>: (Wimauma property): This claim will be satisfied by a surrender of the real property to the creditor.

**Class Three Creditor.** This creditor will be paid in full with equal monthly payments for a period of five (5) years at an annual interest rate of 6.5%.

**Class Four Creditor:** The collateral consisting of the service station equipment and gasoline inventory will be surrendered in full satisfaction of the secured claim.

**Class Five Creditors:** The Class 6 members are the holders of general, unsecured claims that are allowed and undisputed, non-insider, unsecured creditors. The Class 6 claims that are not disputed total approximately $5,360,628.00. The creditors shall be paid their *pro rata* share of five (5) annual payments. The first payment will be due one (1) year from the effective date of confirmation. That payment will be in the amount of $7,500.00. The second through the fifth annual payments will each be in the amount of $10,000.00. These payments shall be shared on a *pro rata* basis among all allowed unsecured claims.

## ARTICLE VI

### Means for Execution of the Plan and Post-Confirmation Matters

This Plan expressly preserves this Court's jurisdiction to review, hear and determine the above.

## ARTICLE VII

### Provisions For Executory Contracts and Unexpired Leases

All written and oral contracts which exist between the Debtors and any individual or other entity, and which have not been rejected or approved by Order of this Court, may be rejected upon further application to this Court.

## ARTICLE VIII

### Modification of the Plan

The Debtors may propose a modification of the Plan in writing at any time after Confirmation. The Plan, as modified, must meet the requirements of §1122 and §1123 of the Code. Additionally, the Debtors must comply with the provisions of §1125 of the Code.

If all applicable Sections of the Code have been met, and if such modifications are warranted, the Court may confirm the modified Plan after proper notice and hearing.

Impaired creditors who are unaffected by the modification of the Plan will be deemed to have accepted or rejected the modified Plan based on the "original Ballot" filed with the Bankruptcy Court. Creditors who are affected by the modification may change their vote by filing a new Ballot with the Bankruptcy Court, within the time specified.

## ARTICLE IX

### Tax Analysis

No analysis of the tax consequences of confirmation of the Plan has been made as of the filing of this Plan. Creditors should consult with their own tax expert to determine what, if any, tax consequences may result from Confirmation.

## ARTICLE X

### Retention Of Jurisdiction

The Bankruptcy Court will specifically retain jurisdiction for all matters permitted under the Bankruptcy Code, including without limitation, the determination of objections, allowance priority of claims, requests for payment of administrative expenses, determine fee application of

professionals, enforce or interpret the terms of the Plan and to enforce or modify the Plan upon proper motion and any other proper or necessary purpose.

## ARTICLE XI

### General Provisions

a.     If any payment under the Plan falls due on a non-business day, then such due date shall be extended to the next following business day. Saturdays, Sundays and holidays recognized by the United States Government, State of Florida, County of Hillsborough or the City of Tampa are considered non-business days.

b.     Any notice required hereunder shall be in writing. If sent by facsimile or via email, notice shall be deemed to have been given when sent. If sent by mail, notice shall be deemed to have been given three (3) days after the date sent by first class, registered or certified mail, postage prepaid, and properly addressed.

c.     The terms and provisions of this Plan shall be further governed and controlled by agreements previously approved by Order of this Court, and not specifically and expressly superseded by this Plan.

d.     In the event that the holder of an unsecured claim transfers such claim, it shall immediately advise the Debtors, in writing, of such transfer. The Debtors shall be entitled to assume that no such transfer has been made unless and until the Debtors has received such notice to the contrary. Each transferee shall take such claim, subject to the provisions of the and to any request made, waiver or consent given or other action taken hereunder; and, except as otherwise expressly provided in such notice, the Debtors shall be entitled to assume conclusively

that the transferee named in such notice shall thereafter be vested with all rights and powers the provisions of the Plan.

e.  In the event that the required numbers of creditors do not accept the Plan and the Debtors is found to be solvent, the Debtors reserve the right to orally amend the Plan at confirmation.

f.  Under no circumstances will the Debtors pay any claim unless such claim is proven and allowed.

g.  All liens and mortgages shall remain unaffected by this Plan unless otherwise provided herein or any other Order of this Court.

h.  Creditors seeking payment of attorneys' fees or special costs must obtain an Order from the Bankruptcy Court approving such amounts at or prior to the confirmation hearing. Failure to obtain such an order will be deemed a waiver of the right to payment of costs and attorneys' fees. This provision does not apply to claims for attorneys' fees and costs which have been duly liquidated by a court of competent jurisdiction prior to the confirmation hearing.

i.  Any sale or transfer of assets which occurs as a result of this reorganization shall be free of otherwise applicable transfer taxes and documentary stamps.

j.  Although the discharge provided by the Bankruptcy Code does not become effective until payments under the Plan have been completed, the Debtors reserve the right to seek then entry of a discharge upon confirmation of the Plan. The basis for such request is that payment of U.S. Trustee fees through the life of the Plan will impact upon the unsecured creditors ability to be repaid.

## ARTICLE XII

### "Cram Down" Provisions

In the event that any Class of Creditors is deemed impaired by this Plan of Reorganization and the requisite majorities of such Class or Classes fail to approve the Plan, then the Debtors intends to confirm its Plan over the objections of any such dissenting Class by the use of the provisions of the United States Bankruptcy Code, §1111, and any other provisions relating to the "cram down" of dissenting Classes.

## ARTICLE XIII

### Discharge

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments, or as otherwise provided in § 1141(d)(5) of the Bankruptcy Code. Likewise, the Debtor will not be discharged from any debt excepted from discharge under § 523 of the Bankruptcy Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

While Debtors are making distributions to creditors hereunder, the creditors are not entitled to take any action to enforce their claims except as allowed and provided for in a confirmed Plan of Reorganization.

Dated: October 30, 2009

| /s Indra M. Sears | /s/ Federick Sears |
|---|---|
| INDRA MALHAN SEARS | FEDERICK SEARS |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Second Amended Plan of Reorganization has been furnished by electronic mail and/or United States Mail to: United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602, Federick, & Indra Sears, 1301 Rustlewood Drive, Brandon FL 33511 and all parties on the attached court mailing matrix on this *30th* day of October, 2009.

DAVID W. STEEN, P.A.

*/s/ David W. Steen*
DAVID W. STEEN, ESQUIRE
Florida Bar No.: 221546
13902 N. Dale Mabry Hwy
Suite 110
Tampa, FL 33618
Telephone:   (813) 251-3000
Facsimile:   (813) 251-3100
E Mail: dwsteen@dsteenpa.com